UNITED STATES BANKRUPTCY COURT
Central District of Illinois

In re: John A. Setser

Case No. 13-90511
Chapter 13

## AMENDED CHAPTER 13 PLAN

NOTICE

THIS PLAN CONTAINS EVIDENTIARY MATTER WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS CANNOT VOTE ON THIS PLAN BUT MAY OBJECT TO ITS CONFIRMATION PURSUANT TO BANKRUPTCY CODE § 1324, AND LOCAL RULES. ABSENT ANY SUCH OBJECTION, THE COURT MAY CONFIRM THIS PLAN AND ACCEPT THE VALUATION AND ALLEGATIONS CONTAINED HEREIN.

The Debtor(s) above named hereby proposes the following plan.

1. <u>Debts</u>. All debts are provided for by this Plan. Only creditors holding claims duly proved and allowed shall be entitled to payments from the Trustee. (See Notice of Filing of Bar Date.) <u>Trustee shall not file a claim on behalf of any creditor.</u>

2. Payments. As of the date of this plan, the debtor has paid **$2,083.95** to the Trustee. Debtor and/or any entity from whom the debtor(s) receive income shall pay to the Trustee the sum of **$716.29** plus disposable income for **60** months for a total of **$42,912.48** or until such amounts are paid that will afford payment of all allowed and proven claims in the amounts payable under this Plan.

| Graduated Payments: | BEGIN MONTH | # OF MONTHS | ADJUSTMENT |
|---|---|---|---|
| $694.65 | April 2013 | 3 | $ |
| $716.29 | July 2013 | 57 | $ |

3. <u>Plan Payments</u>. The Trustee, from available funds, shall make payments to creditors in the following amounts and order. All dates for beginning of payments are estimates only and may be adjusted by the Trustee as necessary to carry out the terms of this plan.

A. Adequate Protection Payments -- The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| CREDITOR | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENTS |
|---|---|---|---|
| a. TOTAL | | | $ 0.00 |

| B. DEBTOR'S ATTORNEY | FEE REQUESTED | PAID TO DATE | BALANCE DUE | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | | | | PAYMENT | MONTH | LENGTH | |
| Curtis A. Anderson | $3,300.00 | $1,000.00 | $2,300.00 | $46.00 | | 50 | $2,300.00 |

C. <u>Mortgage Arrears</u>. (Regular monthly payments to be made by Debtor and to start on the first due date after date of filing petition.)

| CREDITOR | RATE | ARREARS | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | PAYMENT | MONTH | LENGTH | |
| Chase Home Finance | 3.99% | $1,111.21 | $37.04 | | 30 | $1,111.20 |

D. <u>Secured Claims</u>. (A creditor's secured claim shall be the net amount due as of date of filing or the value of the collateral to which creditor's lien attaches, whichever is less. Interest shall be paid at the rate given. Creditor shall retain its lien until the allowed secured portion of the claim is fully paid.)

i. Secured Claims - Paid in full

| CREDITOR & COLLATERAL | INTEREST RATE | AMOUNT SECURED | --- PAYMENT SCHEDULE --- | | | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | PAYMENT | MONTH | LENGTH | |
| Capital One Retail Services 2012 Kawasaki motorcycle | 5.25% | $9,967.67 | $200.00 | | 60 | $12,000.00 |

ii.  Secured Claims - Cure default on claims secured by other than mortgage on debtor(s) principal residence.

| CREDITOR & COLLATERAL | RATE | CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| Toyota Financial Services 2010 Toyota Tundra, has some hail damage | 6.25% | $636.80 | $63.68 | | 10 | $636.80 |

E. <u>Priority Claims</u>. (Unsecured claims entitled to priority under 11 U.S.C. § 507 shall be paid in full as follows.)

| CREDITOR | PRIORITY CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|

**NONE**

F. <u>Separate Class of Unsecured Claims</u>. (May include co-signed debts as provided for by 11 U.S.C. § 1301, including interest at contract rate.)

| CREDITOR & CLASSIFICATION | RATE | UNSECURED CLAIM | PAYMENT | MONTH | LENGTH | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|

**NONE**

G. <u>Unsecured Creditors</u>. (All other creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. Debtor estimates the unsecured claims to total $ 22,611.63, and proposes to provide at least **$22,611.63**, which will pay in full said creditors' claims, or in no event, provide a composition percentage of less than 100%. (Funds Provided/Unsecured Claims)

H. <u>Lien Avoidance</u>. (Debtor intends to file a motion, pursuant to Bankruptcy Rule 4003(d) to avoid all nonpossessory, nonpurchase money security interests and judicial liens as provided by 11 U.S.C. § 522(f), and the plan herein provides for payment of such liens as general unsecured claims only. Any creditors' claim or portion thereof not listed in paragraph C above is to be treated as unsecured and, unless objected to, such unsecured status, for purposes of this plan, will be binding upon confirmation, but the lien shall survive unless avoided.

I. <u>Leases and Contracts</u>. The Debtor hereby assumes the following unexpired leases and executory contracts, and rejects all others.

| NAME OF CREDITOR | DESCRIPTION |
|---|---|

**NONE**

J. <u>Miscellaneous Provisions</u>.
The Debtor is surrendering the 2010 Toyota Corolla. The Trustee shall receive $4,252.56. In accordance with Section 521(f)(1) of the Bankruptcy Code, the Debtor shall submit complete true and accurate copies of his Federal and State tax returns to the Trustee each year, at the same time filed with the taxing authority. All credit life insurance contracts are assumed. The Plan shall pay 100% of the timely filed unsecured creditors' claims. In the event that it pays less than 100% of the timely filed unsecured claims after the expiration of the Claims Bar Date, the Debtor shall *file a Motion to Modify the Plan.*

4. <u>Secured Claims - Paid directly by debtor(s)</u>. The following creditors' claims are fully secured, shall be paid directly by the debtors, and receive no payments under paragraph 3 above:

| CREDITOR | COLLATERAL | MARKET VALUE | AMOUNT OF CLAIM |
|---|---|---|---|
| First National Bank of Catlin | Vacant house at 932 N. Walnut St., Danville, IL 61832, 1.5 story, unfinished vinyl siding, 3 bedrooms, 2 bathrooms, 1823 sq. ft. partial basement, 1 car detached garage | $45,000.00 | $11,000.00 |
| Chase Home Finance | Residence, 23791 N. 1530 East Rd., Danville, IL 61834, single story, vinyl siding, 3 bedrooms, 2 bathrooms, unfinished basement, pole barn | $130,000.00 | $124,816.02 |
| Toyota Financial Services | 2010 Toyota Tundra, has some hail damage | $21,000.00 | $19,874.00 |

5. <u>Future Income</u>. Debtor(s) submit all future earnings or other future income to such supervision and control of the Trustee as is necessary for the execution of this Plan.

6. <u>Standing Trustee Percentage Fee</u>. Pursuant to 28 U.S.C. § 586(e)(B), the Attorney General, after consultation with the United States Trustee,

sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

Attorney for Debtor(s):

Curtis A. Anderson
7 E. Harrison St.
Danville,, Illinois 61832

Phone: (217) 446-5297
Fax: (217) 446-9756

Signed: _____

Signed: _____
John A. Setser, Debtor

Dated: 7-15-13